# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANE DOE, an individual
Michigan Resident filing
anonymously under a
fictitious name,

        Plaintiff,

v.

NUCCIO PROCESSING, INC.
and ANTONIO NUCCIO,
jointly and severally.

        Defendants.

Case No: 2:14-cv-11917

Hon. Arthur J. Tarnow
Mag. R. Steven Whalen

**PLAINTIFF'S MOTION FOR PSEUDONYMOUS STATUS OR IN THE ALTERNATIVE TO SEAL THE COURT FILE**

_____/

John Philo (P52721)
Tony Paris (P71525)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505
mail@sugarlaw.org
**Attorneys for Plaintiff**

David M. Blanchard (P67190)
Nakisha N. Chaney (P65066)
NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C.
101 North Main Street, Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dblanchard@nachtlaw.com
nchaney@nachtlaw.com
**Attorneys for Plaintiff**

## PLAINTIFF'S MOTION FOR PSEUDONYMOUS STATUS OR IN THE ALTERNATIVE TO SEAL THE COURT FILE

As asserted by Plaintiff, Defendant Antonio Nuccio sexually assaulted Plaintiff, his then-employee, resulting in a pregnancy and the birth of a child. Exploiting Plaintiff's continued need for income, Defendant Nuccio compelled Plaintiff to continue having sex with him at his demand in exchange for her job. Plaintiff has now brought an action against Defendant Nuccio and the corporate entity for which she worked, Nuccio Processing, Inc., for, among other things, *quid pro quo* sexual harassment, a hostile work environment and battery. Dckt. No. 1.

The nature of Plaintiff's claims will require the disclosure of intensely personal details regarding both Plaintiff's own sexual abuse and details regarding the conception of a minor child. While Federal Rule of Civil Procedure 10(a) "requires plaintiffs to disclose their names in the instrument they file to commence a lawsuit," there "is precedent for departing from procedural custom…to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Such a departure is warranted in this case.

For these reasons, Plaintiff moves this Court to enter an Order to instate her pseudonymous status or, in the alternative, to seal the court file.

In support of her motion, Plaintiff relies on the attached Brief in Support. At the time of this filing, Defendant(s) have neither been served nor filed an Appearance, therefore concurrence under Local Rule 7.1(a) has neither been sought nor obtained.

                                                      Respectfully Submitted,

By: _/s/ Tony Paris_____

Anthony D. Paris (P71525)
John C. Philo (P52721)
**Sugar Law Center for**
**Economic & Social Justice**
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiffs*

Dated: July 15, 2014

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANE DOE, an individual
Michigan Resident filing
anonymously under a
fictitious name,

          Plaintiff,

v.

NUCCIO PROCESSING, INC.
and ANTONIO NUCCIO,
jointly and severally.

          Defendants.

Case No: 2:14-cv-11917

Hon. Arthur J. Tarnow
Mag. R. Steven Whalen

**PLAINTIFF'S
BRIEF IN SUPPORT**

_____/

John Philo (P52721)
Tony Paris (P71525)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505
mail@sugarlaw.org
**Attorneys for Plaintiff**

David M. Blanchard (P67190)
Nakisha N. Chaney (P65066)
NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C.
101 North Main Street, Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dblanchard@nachtlaw.com
nchaney@nachtlaw.com
**Attorneys for Plaintiff**

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PSEUDONYMOUS STATUS OR TO SEAL THE COURT FILE

Plaintiff was sexually assaulted and harassed while an employee at NUCCIO PROCESSING, INC. The sexual assault resulted in the birth of a child, who is at the time of this filing, is two (2) years old and unaware of the circumstances under which she was conceived. Plaintiff has filed suit against NUCCIO PROCESSING, INC and its owner ANTONIO NUCCIO, the individual who victimized her. Moving forward, very personal information about the Plaintiff and/or her child will be revealed through discovery and the filing of court documents. The potential harm to Plaintiff through the disclosure of this information requires that she receive pseudonymous status or, in the alternative, that the court file be sealed. In addition, the potential harm that could be done to Plaintiff's daughter because of the information that will be revealed in this case requires that the court protect the child's identity, which will be easily ascertained if Plaintiff's identity is disclosed. Thus, Plaintiff respectfully requests the court instate pseudonymous status or, in the alternative, enter an order to seal the file under Rule 5.2(d) of the Federal Rules of Civil Procedure.

## **LEGAL ARGUMENT**

Privacy is the central concern when deciding whether a party may proceed under a pseudonym or fictitious name. Specifically, the Sixth Circuit has recognized the following types of circumstances where a party may proceed anonymously:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
> **(2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";**
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
> (4) whether the plaintiffs are children.
> *(emphasis added)*

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In this case, there is no doubt that Plaintiff will likely be required to provide information involving very intimate aspects of her life, as well as with regard to the life of her minor child.

As an initial matter, courts have historically granted pseudonymous status to protect the privacy of children, and that the right to pseudonymous status is acceptable when protecting children. In *Doe v. Blue Cross*, the Court stated, "[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." 112 F.3d 869, 872 (7th Cir. 1997). Likewise, in *Roe v. Borup*,

500 F. Supp. 127 (ED Wis. 1980), the court observed that anonymity can be provided for cases involving illegitimate, abandoned or abused children.

Such protection is necessary in this case. This is not just a case about a woman who was sexually assaulted, but also about the child that she bore because of the assault. This child has taken the last name of her mother and therefore will be more easily identifiable if the mother's identity is disclosed.

The child is a helpless victim in this case and she must be protected. The stigma and embarrassment that could come from the public knowing this child is a result of a sexual assault far outweighs any interest in disclosing the mother's identity to the public.

Furthermore, pseudonymous status is also appropriate to protect Plaintiff, who was the victim of multiple acts of sexual abuse. Courts consistently recognize the necessity for pseudonymous status to protect victims of sexual assault. As one court observed:

> Historically, an exaggerated concern for female chastity and a regrettable inclination to blame the victim for sexual assaults, along with society's general respect for sexual privacy, have resulted in an atmosphere in which victims of sexual assault may experience shame or damage to reputation. It would be callous to pretend that this atmosphere has entirely dissipated, or to insist that victims of such assault lack privacy interests because most people today understand that the attacker, not the victim, should be stigmatized and ashamed.

*Doe v. Del Rio*, 241 FRD 154, 159 (SDNY 2006). *See also Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (noting that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001) (granting anonymous status to sexual assault victim with claims against governmental actor); *Roe v. St. Louis Univ.*, 2009 US Dist LEXIS 27716 at *13-14 (E.D. Mo. Apr. 2, 2009) (granting anonymous status to rape victim); *Doe v. Penzato*, 2011 U.S. Dist. LEXIS 51681 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously to plaintiff making allegations of sex trafficking and sexual assault).

As the courts acknowledge, there is a clear risk of social stigma associated with being a victim of sexual assault and a fear of retribution. Allowing the Plaintiff to receive pseudonymous status will help shield her from any potential public stigma that may come from this case and reduce risks of retribution.

In weighing these privacy concerns against any public interest in needing to know the name of the victim, privacy concerns should prevail. When it comes to cases such as these the public does not need to know the identity of the victim and Defendant Nuccio already knows her identity. As mentioned in *Porter*, when the victim is expected to reveal private information this sufficient to allow for anonymity. For these reasons, the Court should permit Plaintiff to proceed pseudonymously.

In the alternative, the Court should seal the record. Rule 5.2(d) of the Federal Rules of Civil Procedure provides, "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." When interpreting this Rule, Courts evaluate privacy concerns weighed against the public's right to know. When determining whether the court record should be sealed the privacy interests of the party needs to be taken into account. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In Re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474.[1] Plaintiff should be afforded the right to bring her sexual assault claim to

---

[1] Also see *Hagopian v. Smith*, CIV.A.05CV74025DT, 2009 WL 5149955 (E.D. Mich. Dec. 17, 2009)("The Court is persuaded that sealing the Plaintiff's medical records and deposition transcript will protect his privacy.")

court without the possibility of the public learning the very intimate details of this case.

Other courts have dealt with the issue of sealing court records without specific reference to Rule 5.2(d). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *In Re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Nixon v. Warner Communications*, 435 U.S. at 598, 98 S.Ct. at 1312 (1978)). When it comes to sexual assault cases, this is a concern that the Court must take into account. Stigmatization for sexual assault victims is a real possibility and the Court can protect against this by sealing the record.

## CONCLUSION

Plaintiff seeks pseudonymous status or, in the alternative, a sealing of the record. The Plaintiff has good cause for either of these options and doing so would help protect her mental and physical health. The welfare of her daughter is also at stake. Her daughter should be shielded from the potential social stigma of being the child of a sexual assault victim. Therefore, Plaintiff respectfully requests that this Court either grant pseudonymous status or, in the alternative, seal the record.

Respectfully Submitted,

By: _____

Anthony D. Paris (P71525)
John C. Philo (P52721)
**Sugar Law Center for
Economic & Social Justice**
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiffs*

Dated: July 15, 2014

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANE DOE, an individual
Michigan Resident filing
anonymously under a
fictitious name,

        Plaintiff,

v.

NUCCIO PROCESSING, INC.
and ANTONIO NUCCIO,
jointly and severally.

        Defendants.

Case No: 2:14-cv-11917

Hon. Arthur J. Tarnow
Mag. R. Steven Whalen

**PLAINTIFF'S MOTION FOR PSEUDONYMOUS STATUS OR IN THE ALTERNATIVE TO SEAL THE COURT FILE**

_____/

John Philo (P52721)
Tony Paris (P71525)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505
mail@sugarlaw.org
**Attorneys for Plaintiff**

David M. Blanchard (P67190)
Nakisha N. Chaney (P65066)
NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C.
101 North Main Street, Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dblanchard@nachtlaw.com
nchaney@nachtlaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2014, I electronically filed Plaintiff's *MOTION FOR PSEUDONYMOUS STATUS OR IN THE ALTERNATIVE TO SEAL THE COURT FILE* with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By: /s/ _____

Anthony D. Paris
**Sugar Law Center for Economic & Social Justice**
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiffs*

Dated: July 15, 2014